### THE HYGRADE NO. 12, Inc., v. THE TALISMAN.
### THE TALISMAN.
### THE CENTRAL.
### No. 130.

Circuit Court of Appeals, Second Circuit.
Jan. 4, 1946.

Foley & Martin, of New York City, (Christopher E. Heckman, of New York City, of counsel), for libellant-appellee Tanker Hygrade No. 12, Inc.

Burlingham, Veeder, Clark & Hupper, of New York City (Chauncey I. Clark and Frederic Conger, both of New York City, of counsel), for appellant Long Island R. Co. and the Talisman.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for appellee Red Star Towing & Transp. Co.

Before SWAN, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The one blast signal which the Central blew to the Talisman when these vessels were approaching each other green to green was in violation of Article 18, Rule I of the Inland Rules, 33 U.S.C.A. § 203. These vessels were not then meeting head and head, being from one hundred feet to perhaps more than twice that to the starboard of each other, and the statute called for a two blast signal followed by a starboard to starboard passing. Construction Aggregates Co. v. Long Island R. Co., 2 Cir., 105 F.2d 1009. That required no change of course by either. The East River is not a "narrow channel" since the repeal of the East River Statute in 1937 and navigation there is controlled by the Inland Rules. City of New York v. American Export Lines, 2 Cir., 131 F.2d 902.

This statutory fault on the part of the Central was enough to make her liable for the unsuccessful attempt to make a port to port passing unless she proved that her fault could not have been one of the causes of the collision. The Pennsylvania, 19 Wall. 125, 136, 22 L.Ed. 148; Marshall Field & Co. v. United States, 2 Cir., 48 F.2d 763. We think it self evident that she did not do so unless as a matter of law the

assent of the Talisman to the wrongfully proposed port to port passing relieved the Central from the risk involved provided the Talisman could still have, as the court found, passed safely port to port had she been properly navigated. So to hold, however, would be contrary to the applicable law.

The master of the Talisman was put in somewhat of a dilemma by the improper signal of the Central. He was forbidden by the Pilot Rules to answer a one blast signal with two blasts. See Rule II "Pilot Rules for Atlantic and Pacific Coast Inland Waters," edition May 1, 1912. Those rules were binding upon him. Postal Steamship Corp. v. El Isleo, 308 U.S. 378, 60 S.Ct. 332, 84 L.Ed. 335. He had, of course, the right to refuse to attempt the proposed passing and could have so indicated by blowing an alarm at once. But since the vessels were far enough apart when the proposal was. made to give it a reasonable chance of success he was not at fault merely in assenting to it. The Lexington, 2 Cir., 79 F.2d 252; Lehigh C. & Nav. Co. v. Compagnie Generale Transatlantic, 2 Cir., 12 F.2d 337. He testified that he did not think a port to port passing possible but assented, nevertheless, because it might have been and he did not know what the Central was capable of doing to carry out her proposal. His agreement, however, did not alter the Central's responsibility for her violation of the statute and put upon him only the duty to use his best efforts to help the Central pass as proposed by her. The Admiral, D. C., 39 F. 574. Yet having assented, the Talisman did not, so the court found, perform her agreement to do what she could to help the Central but continued on her course until the alarms were sounded just before the collision. This finding was not clearly erroneous despite the evidence of the Talisman's attempt to change her course by putting her rudder right and so we accept it as sufficient to show the fault of the Talisman. It follows that both the Talisman and the Central were at fault in the respects mentioned and, as both were contributing causes of the collision, that the damages should be divided regardless of any question as to the Central's failure to post and maintain a proper lookout on the oil barge which was argued but need not now be discussed.

Decree modified in accordance with this opinion.